[664 NYS2d 818]

In the Matter of JOSEPH FONTE (Admitted as JOSEPH MICHAEL FONTE), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 1, 1997

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Gloria A. Bunze* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order of this Court dated July 21, 1997, the respondent was suspended from the practice of law for an indefinite period of time and until further order of this Court,

pursuant to 22 NYCRR 691.4 *(l)* (1) (i), upon a finding that he was guilty of professional misconduct immediately threatening the public interest, based upon his repeated willful failures to comply with the lawful demands of the Grievance Committee in connection with its investigation. In that same order, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent, and the issues raised were referred to the Honorable Moses M. Weinstein, as Special Referee, to hear and report.

The Grievance Committee now moves to impose discipline upon the respondent upon his default in appearing in the proceeding. The nine charges of the petition emanate from the respondent's failure to cooperate with the Grievance Committee's investigation, and his failure to maintain proper registration as an attorney and counselor-at-law.

The Court directed that the respondent serve an answer to the petition within 10 days after his receipt of the order of suspension dated July 21, 1997. Although the respondent admitted personal service upon him on August 13, 1997, he failed to submit an answer. Nor has he submitted an answer to this motion, which was served on him on August 27, 1997.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer in this proceeding, the charges must be deemed established. The petitioner's motion to impose discipline is, therefore, granted. Accordingly, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph Fonte, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys *(see,* 22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, Joseph Fonte is commanded to continue to desist

and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.